**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MOUNIR MISS,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>            Respondent. | No. 07-72526<br><br>Agency No. A078-440-646<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010 **

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

    Mounir Miss, a native and citizen of Morocco, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to remand and

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of removal, and protection under the

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and de novo claims of due process violations in removal proceedings, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We review for abuse of discretion the denial of a motion to remand, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and the denial of a motion to continue, *see Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny the petition for review.

Substantial evidence supports the BIA's finding that petitioner failed to demonstrate the single beating he suffered from Muslim fundamentalists or the beatings he suffered from his father rose to the level of persecution, *see Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003), or were committed by forces the government was unable or unwilling to control, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). Substantial evidence also supports the BIA's finding that petitioner failed to demonstrate a well-founded fear of future persecution based on his secular lifestyle or his family's Catholic religion. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the

petitioner has demonstrated that there is good reason to fear future persecution.").

Accordingly, petitioner's asylum claim fails.

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of CAT relief, because petitioner failed to establish it is more likely than not he would be tortured if returned to Morocco. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

Petitioner's contentions that the IJ violated his due process rights by failing to cite to specific authorities in her decision and by issuing a decision of inadequate factual analysis are not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice for a petitioner to prevail on a due process claim). Petitioner's contention that the BIA violated his due process rights is also not supported, because the BIA explicitly addressed the claims he raised in his brief. *See id.*

Contrary to petitioner's contention that he was prejudiced because of a faulty transcript, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar*, 210 F.3d at 971 (citation omitted). Moreover, petitioner failed to demonstrate that re-transcribing

07-72526

would have affected the outcome of the proceedings. *See id*. at 971-72 (requiring prejudice to prevail on a due process challenge).

The IJ did not abuse her discretion in denying petitioner's motion to continue to present expert testimony, because he did not establish good cause. *See* 8 C.F.R. § 1003.29. It follows that the IJ did not violate petitioner's due process rights by denying his motion to continue. *See Lata*, 204 F.3d at 1246.

Finally, the BIA did not abuse its discretion in denying petitioner's motion to remand, because petitioner failed to establish prima facie eligibility for asylum, withholding of removal, or relief under CAT based on the birth of his United States citizen daughter. *See* 8 C.F.R. § 1003.2(c); *see also Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1171-72 (9th Cir. 2006) (prima facie eligibility is established "where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied").

**PETITION FOR REVIEW DENIED.**